UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GILLES GAGNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:11-CV-183-TLS |
| | ) |
| ENDURAMAX LLC d/b/a GULF STREAM, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Defendant, Enduramax LLC d/b/a Gulf Stream, pursuant to Federal Rule of Civil Procedure 12(b)(1), moves the Court to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction. (Def.'s Mot. Dismiss, ECF No. 20.)

## BACKGROUND

On April 27, 2011, Plaintiff Gilles Gagne, proceeding pro se, filed a Complaint [ECF No. 1] alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et. seq. (Counts I and IV); breach of express warranty under the Uniform Commercial Code (Count II); and breach of implied warranty of merchantability (Count III). The Complaint also alleges a Florida statutory cause of action for failure to cure defects (Count V).[1] The Complaint asserts that the

---

[1] When the Plaintiff originally brought this suit in a Florida state court he was represented by counsel. Although the Defendant removed the matter to federal court on grounds that the Plaintiff's Complaint had invoked the Manuson-Moss Warrant Act, the Plaintiff moved for a remand to state court conceding that his claim could not satisfy the $50,000 jurisdictional limit required by the Act. Upon stipulation of the parties, the case was then remanded to state court. Shortly thereafter, the Defendant moved to dismiss for improper venue under the Defendants' Limited Warranty, which provided that jurisdiction was in the state of manufacture, specifically identified as Indiana. On February 17, 2010, the Florida court dismissed the case, reserving the Plaintiff's right to re-file the matter in Indiana. The Plaintiff, proceeding pro se, then filed in this Court a suit alleging the same causes of action as the Florida case.

Plaintiff is a resident of Florida and that the Defendant's principal place of business is in Indiana. The Complaint alleges that "[t]his is an action for damages in excess of $15,000." (Compl. ¶ 3.) The factual grounds for the Plaintiff's claims, as asserted in the Complaint, are that he purchased a non-motorized trailer vehicle from the Defendant known as a 2007 Gulf Stream Endura Max GEM0187, which included a Limited Warranty, and that the trailer was defective. Even after returning the trailer for repairs in accordance with the Limited Warranty provisions, it continued to have problems that required repairs, including water leaks and defective seals, slide flush valve, awning, slide motor, and flush system. The water leaks caused rot and mold growth. When repeated efforts to make repairs did not solve these problems, the Plaintiff requested, unsuccessfully, that it be replaced with a new unit.[2]

On October 18, the Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Defendant argues that because the Plaintiff admits that his Magnuson-Moss Warranty Act claims are less than $50,000.00, the Court is deprived of jurisdiction under 15 U.S.C. § 2310(d)(3)(B). Additionally, the Defendant asserts that because the amount in controversy of the Plaintiff's breach of warranty claims are less than $75,000.00, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. The Motion is consistent with the Defendant's third Affirmative Defense.

In the Plaintiff's Response to Defendant's Motion to Dismiss, filed on November 15, 2011, the Plaintiff urges the Court to allow his case to be heard because the Defendant's product was not manufactured or repaired correctly and, as a consumer, he has suffered harm. The

---

[2] The Plaintiff's Complaint references a Limited Warranty attached as Exhibit A, but the only exhibit to the Complaint is a copy of the Orange County, Florida circuit court's order granting the Defendant's motion to dismiss.

Plaintiff's response does not address the jurisdictional issues, specifically, the value of his Magnuson-Moss Warranty Act claim or the amount in controversy.

## STANDARD OF REVIEW

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the movant's contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (stating that the movant may present evidence to support a contention that there is in fact no subject matter jurisdiction and "the court is free to weigh the evidence to determine whether jurisdiction has been established"); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.) (quotation marks and brackets omitted). The plaintiff has the obligation to establish jurisdiction by competent proof.

3

*Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

With respect to jurisdiction under 28 U.S.C. § 1332, the proponent of jurisdiction must prove contested factual assertions—for example, where each party resides plus any plans for change of residence, in order to establish domicile, or what state issued a corporation's charter, and the amount in controversy—by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski* 441 F.3d 536, 540–41, 543 (7th Cir. 2006). Once the facts have been established, the case can only be dismissed "if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id.* at 543.

**ANALYSIS**

The Magnuson-Moss Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract.' " *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (quoting 15 U.S.C. § 2310(d)(1)). Certain jurisdictional requirements must be met before a plaintiff is allowed to sue in federal court for breach of warranty under the Act. One such requirement is that the amount in controversy reaches "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)((3)(B).

There are two types of written warranties under the Act: full warranties and limited

4

warranties. *See* 15 U.S.C. § 2303(a). When the warranty at issue is a limited express warranty, as it is in this case, the Plaintiff is not entitled to the full refund remedy. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). The Act also allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998). When the plaintiff relies on state law causes of action to bring a claim under the Magnuson-Moss Act, the $50,000 amount in controversy must still be met. *Id.* In Count II of the Complaint, the Plaintiff's invokes the Florida Uniform Commercial Code. However, the limited warranty at issue provides: "The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of manufacture. The State of Manufacture of the recreational vehicle is Indiana." (Limited Warranty ¶ 7, Ex. C to Designation of Matters, ECF No. 22-3.)

Pursuant to the applicable Indiana law, the measure of the Plaintiff's damages for breach of warranty are as follows:

> (1) Where the buyer has accepted goods and given notification (IC 26-1-2-607(3)), he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.
> (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
> (3) In a proper case any incidental and consequential damages under IC 26-1-2-715 may also be recovered.

Indiana Code § 26-1-2-714. Only if the buyer has rightfully rejected the goods or revoked acceptance can he recover the purchase price. *See* Ind. Code § 26-1-2-711. Indiana courts have articulated several appropriate measures to value direct damages under Indiana Code § 26-1-2-

5

714, with the primary focus of any measure being whether the award of damages is reasonable. *Irmscher Suppliers, Inc. v. Schuler*, 909 N.E.2d 1040, 1050 (Ind. Ct. App. 2009). These include the following methods: (1) the cost of repair (but seldom have we allowed repair costs to exceed the initial value of the goods); (2) the fair market value of the goods as warranted minus the salvage value; (3) the fair market value of the goods as warranted at the time of acceptance less the fair market value of the goods as accepted; and (4) the replacement costs less the value of the plaintiff's use of the good up to the time of trial. *Id.* (footnotes omitted).

"As for consequential damages, Indiana Code § 26-1-2-715 provides that, in a breach of warranty case, incidental and consequential damages which are reasonably foreseeable may also be recovered. A plaintiff may recover consequential damages if they are the direct, immediate, and probable result of the breach of an implied warranty." *Irmscher*, 909 N.E.2d at 1051 (citing *Bob Anderson Pontiac, Inc. v. Davidson*, 293 N.E.2d 232, 236 (1973)). According to § 2-715, incidental damages include "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach," and consequential damages include "(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property proximately resulting from any breach of warranty." Ind. Code § 26-1-2-715.

Having considered the Magnuson-Moss Warranty Act and Indiana law, the Court finds the Defendant's argument that the Plaintiff's potentially recoverable damages, and thus the

6

amount in controversy, do not meet the threshold jurisdictional amount to be well taken. Here, $57,525 is listed as the base selling price in the buyer's order. The contract price has been held to be competent evidence of the fair market value of the goods as warranted. *Carpetland U.S.A. v. Payne*, 536 N.E.2d at 306, 311 (Ind. Ct. App. 1989). Under any of the methods of computing damages recognized above, the value of the claim for a nonconforming and defective product is less than the purchase price of the product. There is evidence in the record that the lender repossessed the vehicle and sold it for $20,500. In his Motion for Remand to State Court, filed in the Florida case that asserted the same claims that are pending in this litigation, the Plaintiff, through counsel, stated that the amount in controversy was less than $50,000. (Pl.'s Mot. Remand 2, filed on May 22, 2009, in *Gagne v Eduramax*, 6:09-cv-703 as ECF No. 12, Ex. G to Designation of Matters, ECF No. 22-7.) The Plaintiff reasoned that because the warranty at issue is a limited express warranty, the Plaintiff would not be entitled to the full refund remedy provided in the Act. (*Id.*) (citing *Schimmer*, 384 F.3d at 404).) The Plaintiff argues that a better indicator of the amount in controversy would be the cost of a replacement vehicle minus the present value of the defective vehicle and the value the Plaintiff received from his use of that vehicle.

Now that the Plaintiff is the proponent of federal jurisdiction, he must establish by a preponderance of the evidence that the amount is different—if he in fact believes that it meets the threshold. It is not clear that the Plaintiff disputes that the amount is less than $50,000, as the Plaintiff does not address it in his response and his Complaint only states that the amount is more than $15,000. When the Plaintiff filed the Complaint in Florida, he did so in state court and, when the matter was removed to federal court, argued that the federal court did not have subject

matter of the dispute. The Plaintiff has not indicated how any of the facts underlying his Complaint have changed such that they would now support this Court's jurisdiction.

For the sake of completeness, the Court addresses other potential theories of recovery under the Complaint. The Complaint prays for special damages, but the only indication of what these might be are his reference to loss of enjoyment of the vehicle and additional lodging expenses. These damages are excluded by the Limited Warranty. (Limited Warranty ¶¶ 1, 5, ECF No. 22-3. (limiting obligations to "replacing or repairing the defective part or component" and specifically excluding consequential and incidental expenses such as loss of time, inconvenience, and lodging).) Indiana law permits a buyer and seller to agree to limit remedies. *See* Ind. Code § 26-1-2-719. The Plaintiff has also asserted a claim under an implied warranty of merchantability. Even if such a claim, if successful, could potentially yield a greater recovery, the implied warranty of merchantability appears to have been expressly and effectively disclaimed in the Limited Warranty in accordance with Indiana Code § 26-1-2-316(2). (Limited Warranty ¶¶ 2, 7.) Assuming that the Plaintiff could pursue a claim under Florida law, a successful claim under Florida Statute § 320.835 would be limited to the "actual costs of remedying the defect." Fla. Stat. § 320.838.

The value of the Plaintiff's claims under the Magnuson-Moss Warranty Act is less than $50,000, depriving the Court of subject matter jurisdiction. The Court also lacks jurisdiction under 28 U.S.C. § 1332 as the amount in controversy is less than $75,000. Although the Court understands the Plaintiff's desire for his case to be heard, this Court is not the one that may do so. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (stating that federal courts "have only the power that is authorized by Article III of the Constitution and the statutes

8

enacted by Congress pursuant thereto"); *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue than can be brushed aside or satisfied by agreement between the litigants.").

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 20].

SO ORDERED on December 9, 2011.

                         s/ Theresa L. Springmann
                         THERESA L. SPRINGMANN
                         UNITED STATES DISTRICT COURT
                         FORT WAYNE DIVISION